**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| JENAM TECH, LLC,<br><br>    Plaintiff<br><br> v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No.: 4:20-cv-279<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Jenam Tech, LLC ("Jenam Tech" or "Plaintiff"), files this Complaint against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together "Samsung" or "Defendants") seeking damages and other relief for patent infringement, and alleges with knowledge to its own acts, and on information and belief as to other matters, as follows:

**PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 211 West Tyler Street, Suite C, Longview, Texas, 75601.

2. Defendant Samsung Electronics Co. Ltd. ("Samsung Electronics") is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-Do, Korea 443-742.

3. Samsung Electronics America is a corporation organized and existing under the laws of New York with a place of business at 85 Challenger Road, Ridgefield Park, New Jersey,

07660, and with offices at 1301 East Lookout Drive, Richardson, Texas, 75082 and at 6625 Declaration Drive, Plano, Texas 75023.

4.     This Court has personal jurisdiction over Samsung Electronics at least because Samsung Electronics conducts business, including infringing acts described herein, in this District. For example, Samsung Electronics provides customer service through its website, http://www.samsung.com, in this District and throughout the state of Texas.

5.     Defendants conduct business in Texas, directly or through intermediaries and offer products or services, including those accused herein of infringement, to customers, and potential customers located in Texas, including in the Eastern District of Texas.

## JURISDICTION AND VENUE

6.     This action arises under the patent laws of the United States, 35 U.S.C. §101, et seq.  This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

7.     As to Samsung Electronics America, Inc., venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b).  Samsung Electronics America, Inc. maintains an established place of business in the state of Texas and the Eastern District of Texas, specifically, including an office at 1301 East Lookout Drive, Richardson, Texas 75080, and an office at 6625 Declaration Drive, Plano, Texas 75023.

8.     As to Samsung Electronics, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3), as venue is proper over a foreign corporation in "any judicial district."

9.     Samsung Electronics and Samsung Electronics America, Inc. have not disputed this District's personal jurisdiction over them in other recent patent infringement actions. *See, e.g.*, Answer at ¶ 10, *Richardson v. Samsung Electronics Co.*, No. 6-17-cv-428 (E.D. Tex. Oct. 20,

2017); Answer at ¶ 9, *Immersion Corp. v. Samsung Electronics America*, No. 16-cv-572 (E.D. Tex. Oct. 24, 2017).

10. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, because Defendants conduct substantial business in this forum, including: (i) making, using, selling, importing, and/or offering for sale one or more web pages on one or more websites including, but not limited to www.samsung.com, stored and/or hosted on one or more servers owned or under the control of Samsung ("Accused Instrumentalities"); (ii) making, using, selling, importing, and/or offering for sale smartphones and tablets (e.g., Samsung Galaxy S10, Galaxy Note, Galaxy Tab, etc.) as well as other computing devices (e.g., laptops, desktops, Chromebooks, etc.), each including a non-transitory computer readable medium (e.g., memory) and configured to run a web browser (e.g., Google Chrome, etc.) ("Accused Devices"); or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to citizens and residents in Texas and in this District.

## THE PATENTS-IN-SUIT

11. On March 7, 2018, Robert Paul Morris filed United States Patent Application No. 15/915,053 ("the '053 Application"). The '053 Application was duly examined and issued as United States Patent No. 10,069,945 ("the '945 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on September 4, 2018.

12. Jenam Tech is the owner of the '945 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '945 patent.

13. The '945 patent is valid and enforceable. A true and correct copy of the '945 patent is attached hereto as Exhibit A.

14. On March 7, 2018, Robert Paul Morris filed United States Patent Application No. 15/915,047 ("the '047 Application"). The '047 Application was duly examined and issued as United States Patent No. 10,075,564 ("the '564 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on September 11, 2018.

15. Jenam Tech is the owner of the '564 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '564 patent.

16. The '564 patent is valid and enforceable. A true and correct copy of the '564 patent is attached hereto as Exhibit B.

17. On March 7, 2018, Robert Paul Morris filed United States patent Application No. 15/915,052 ("the '052 Application"). The '052 Application was duly examined and issued as United States Patent No. 10,075,565 ("the '565 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on September 11, 2018.

18. Jenam Tech is the owner of the '565 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '565 patent.

19. The '565 patent is valid and enforceable. A true and correct copy of the '565 patent is attached hereto as Exhibit C.

Case 4:20-cv-00279-ALM Document 1 Filed 04/03/20 Page 5 of 10 PageID #: 5

20. On July 19, 2018, Robert Paul Morris filed United States Patent Application No. 16/040,522 ("the '522 Application"). The '522 Application was duly examined and issued as United States Patent No. 10,375,215 ("the '215 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on August 6, 2019.

21. Jenam Tech is the owner of the '215 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '215 patent.

22. The '215 patent is valid and enforceable. A true and correct copy of the '215 patent is attached hereto as Exhibit D.

23. On July 19, 2018, Robert Paul Morris filed United States Patent Application No. 16/040,517 ("the '517 Application"). The '517 Application was duly examined and issued as United States Patent No. 10,306,026 ("the '026 patent") (entitled "Methods, Systems, and Computer Program Products for Sharing Information for Detecting an Idle TCP Connection"), on May 28, 2019.

24. Jenam Tech is the owner of the '026 patent and has the full and exclusive right to bring actions and recover past, present, and future damages for the Defendants' infringement of the '026 patent.

25. The '026 patent is valid and enforceable. A true and correct copy of the '026 patent is attached hereto as Exhibit E.

26. The '945, '564, '565, '215 and '026 patents are collectively referred to herein as the "patents" or the "patents in suit."

27. Jenam Tech has not practiced any claimed invention of the patents in suit.

5

28. Defendants infringe the patents at least through making, using, selling, importing, and/or offering to sell the Accused Instrumentalities and Accused Devices.

### COUNT I: INFRINGEMENT OF THE '945 PATENT

29. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

30. The '945 patent includes 144 claims. '945 patent, Ex. A at 24:8-36:65.

31. Defendants directly infringe one or more claims of the '945 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities. *See* Claim Chart for the '945 patent, attached hereto as Exhibit F.

32. Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 104 of the '945 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities. *See* Claim Chart for the '945 patent, attached hereto as Exhibit F. As demonstrated by the attached claim chart, each and every element of Claim 104 of the '945 patent is found in the Accused Instrumentalities.

33. Defendants have had actual knowledge of the '945 patent at least as early as the date of service of this Complaint.

34. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

### COUNT II: INFRINGEMENT OF THE '564 PATENT

35. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

36. The '564 patent includes 30 claims. '564 patent, Ex. B at 23:5–27:28.

37. Defendants directly infringe one or more claims of the '564 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities. *See* Claim Chart for the '564 patent, attached hereto as Exhibit G.

38. Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '564 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities. *See* Claim Chart for the '564 patent, attached hereto as Exhibit G. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '564 patent is found in the Accused Instrumentalities.

39. Defendants have had actual knowledge of the '564 patent at least as early as the date of service of this Complaint.

40. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT III: INFRINGEMENT OF THE '565 PATENT

41. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

42. The '565 patent includes 30 claims. '565 patent, Ex. C at 23:48–28:65.

43. Defendants directly infringe one or more claims of the '565 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Devices. *See* Claim Chart for the '565 patent, attached hereto as Exhibit H.

44. Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '565 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities. *See* Claim Chart for the '565 patent, attached hereto as Exhibit H. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '565 patent is found in the Accused Instrumentalities.

45. Defendants have had actual knowledge of the '565 patent at least as early as the date of service of this Complaint.

46. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

## COUNT IV: INFRINGEMENT OF THE '215 PATENT

47. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

48. The '215 patent includes 39 claims. '215 patent, Ex. D at 24:15–30:23.

49. Defendants directly infringe one or more claims of the '215 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Instrumentalities. *See* Claim Chart for the '215 patent, attached hereto as Exhibit I.

50. Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '215 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Instrumentalities. *See* Claim Chart for the '215 patent, attached hereto as Exhibit I. As demonstrated by the attached

claim chart, each and every element of Claim 1 of the '215 patent is found in the Accused Instrumentalities.

51. Defendants have had actual knowledge of the '215 patent at least as early as the date of service of this Complaint.

52. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

### COUNT V: INFRINGEMENT OF THE '026 PATENT

53. Jenam Tech repeats and re-alleges the allegations of the above paragraphs as if fully set forth herein.

54. The '026 patent includes 98 claims. '026 patent, Ex. E at 24:16–34:30.

55. Defendants directly infringe one or more claims of the '026 patent without authority by making, using (including without limitation testing), selling, importing, and/or offering to sell products and systems, including by way of example, the Accused Devices. *See* Claim Chart for the '026 patent, attached hereto as Exhibit J.

56. Defendants have been and are directly infringing, either literally or under the doctrine of equivalents, at least Claim 1 of the '026 patent by making, using (including without limitation testing), selling, importing, and/or offering to sell the Accused Devices. *See* Claim Chart for the '026 patent, attached hereto as Exhibit J. As demonstrated by the attached claim chart, each and every element of Claim 1 of the '026 patent is found in the Accused Devices.

57. Defendants have had actual knowledge of the '026 patent at least as early as the date of service of this Complaint.

58. Defendants' acts of infringement have occurred within this District and elsewhere throughout the United States.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Declaring that Defendants have infringed the patents in suit;

B.    Awarding damages in an amount to be proven at trial, but in no event less than a reasonable royalty for Defendants' infringement including pre-judgment and post-judgment interest at the maximum rate permitted by law;

C.    Ordering an award of reasonable attorneys' fees and enhanced damages as appropriate against Defendant to Jenam Tech as provided by 35 U.S.C. § 285;

D.    Awarding expenses, costs, and disbursements in this action against Defendants, including prejudgment interest; and

E.    All other relief necessary or appropriate.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 3, 2020

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
Derek Dahlgren (*pro hac vice* to be filed)
Nadiia S. Loizides (*pro hac vice* to be filed)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
tdevlin@devlinlawfirm.com
ddahlgren@devlinlawfirm.com
nloizides@devlinlawfirm.com

*Attorneys for Plaintiff,*
*Jenam Tech, LLC*